IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-1769-WJM-KLM *consolidated with*
Civil Action No. 20-cv-2120-KLM

CHURCH MUTUAL INSURANCE COMPANY,

 Plaintiff and Counterclaim-Defendant,

v.

ROCKY MOUNTAIN CHRISTIAN CHURCH,

 Defendant and Counterclaim-Plaintiff.

---

## ORDER DENYING PLAINTIFF AND COUNTERCLAIM DEFENDANT'S MOTION TO STAY MARCH 19, 2021 ORDER PENDING APPEAL

---

 Before the Court is Plaintiff and Counterclaim Defendant Church Mutual Insurance Company's Motion to Stay March 19, 2021 Order Pending Appeal ("Motion"). (ECF No. 66.) Defendant and Counterclaim Plaintiff Rocky Mountain Christian Church filed a response (ECF No. 71), and Plaintiff replied (ECF No. 72) and provided a notice of supplemental authorities (ECF No. 73). For the following reasons, the Motion is denied.

 On March 19, 2021, the Court entered its Order Granting Rocky Mountain Christian Church's Motion to Stay Litigation and to Compel Appraisal ("Order"). (ECF No. 62.) The Order stayed this insurance dispute pending the completion of the appraisal process and administratively closed this case subject to reopening upon good cause shown after the appraisal procedure outlined in Policy Number 0065216-02-852673 (the "Policy") has been fully completed. (*Id.* at 11.)

On March 9, 2021, Plaintiff filed a Notice of Appeal of the Order. (ECF No. 63.) On March 21, 2021, Plaintiff filed the Motion, characterizing the Order as an injunction because it required the parties to specifically perform a provision of the insurance contract,[1] and requesting that the Court stay the Order pending appeal. (ECF No. 66.) Defendant and Counterclaim Plaintiff Rocky Mountain Christian Church filed a response in opposition (ECF No. 71), and Plaintiff replied (ECF No. 72).

In evaluating a motion to stay a preliminary injunction pending interlocutory appeal, the Court must consider:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Nken v. Holder*, 556 U.S. 418, 434 (2009). The first two of these factors are the most critical; the movant must show more than a possibility of success on appeal, and more than a possibility of irreparable injury in the absence of a stay. *Id.* at 434–35; *see also Denver Bible Church v. Azar*, 2020 WL 8184655, at *1 (D. Colo. Oct. 16, 2020) (denying stay of injunction pending appeal, noting defendants failed to make required showing for a stay, particularly on the "critical" merits factor). If a movant satisfies the first two factors, the Court must then assess the potential harm to the opposing party and the public interest. *Id.* at 435. "There is substantial overlap between these and the factors governing preliminary injunctions, not because the two are one and the same, but because similar concerns arise whenever a court order may allow or disallow

---

[1] The parties dispute whether the appeal is appropriate, depending on whether the Order is properly characterized as an injunction. (ECF No. 71 at 1; ECF No. 72 at 1–2.) Solely for the purposes of resolving the Motion, the Court assumes *arguendo* that the appeal is proper.

anticipated action before the legality of that action has been conclusively determined." *Id.* at 434 (citation omitted).

In the Motion, Plaintiff argues that they have a strong likelihood of success on the merits because: (1) its appeal will be reviewed under the *de novo* standard of review, which is the standard most favorable to the appellant; (2) although the Order follows other decisions in the District of Colorado, numerous other courts around the country have held otherwise; (3) although the issue is one of first impression in the Tenth Circuit, it is currently pending before the Tenth Circuit in two other appeals arising under Colorado law, which are likely to be decided at any time; and (4) the Order held that the appraisal provision "specifically provides" for appraisers to determine causation as well as the amount of loss, but the plain language of the provision does not mention causation, and therefore numerous courts around the country have also held that appraisers may not determine causation—an issue also raised in the two pending Tenth Circuit appeals. (ECF No. 66 at 3–4.)

Regarding irreparable harm, Plaintiff argues that it will suffer irreparable harm without a stay because the appraisal will create binding factual determinations which may incorrectly influence the Court's coverage determination. (*Id.* at 4.) Additionally, Plaintiff contends that "by allowing the appraisers to decide causation, the Court has effectively allowed [Defendant] to evade [Plaintiff's] investigation and discovery of [Defendant's] knowledge and intent, and thereby improperly curtailed [Plaintiff's] ability to assert breach of the misrepresentation, concealment, and fraud provision as a basis for noncoverage." (*Id.*) Finally, "denying a stay pending appeal forces [Plaintiff] to appraise now and thereby denies [Plaintiff] the potential benefit of the two pending

3

Tenth Circuit decisions." (*Id.*)

Upon due consideration of Plaintiff's arguments, the Court finds that Plaintiff has not made a strong showing that it is likely to succeed on the merits of its appeal, nor has it persuaded the Court that it will suffer irreparable harm in the absence of a stay. The Court finds that it need only briefly address the merits of Plaintiff's arguments.

First, Plaintiff's argument that the Order will be reviewed *de novo* does not demonstrate the legal strength of Plaintiff's position. Indeed, Plaintiff acknowledges (in its second argument on this issue) that the Order follows the other decisions in the District of Colorado. While the Tenth Circuit may very well be persuaded by Plaintiff's position, the mere fact that the standard is *de novo* says nothing at all about the likelihood that Plaintiff will succeed on appeal. That the Order is consistent with other judges' opinions in the District also cuts against—or is at least a neutral factor in considering—Plaintiff's position.

Plaintiff's further argument that there are other similar cases pending before the Tenth Circuit also does not demonstrate that *Plaintiff* will likely succeed on appeal. Since there is no way of knowing how the Circuit will rule in those cases, this contention is speculative and premature. Finally, Plaintiff's last argument merely demonstrates that there is a split of authority around the country regarding whether an appraiser may determine causation, depending on the language of a particular insurance policy. As is the case with Plaintiff's other arguments, this contention does not show a likelihood that *Plaintiff's* position is likely to succeed.

Regarding irreparable harm, Plaintiff's argument that an appraisal will create binding factual determinations that may incorrectly influence the Court's coverage

4

determination is also unavailing. As Defendant argues, any assertion that the factual determinations will be incorrect is speculative. (*See* ECF No. 71 at 7–8.)

As for Plaintiff's argument that its ability to assert its breach of misrepresentation, concealment, and fraud provision as a basis for noncoverage, that argument, too, is unpersuasive. As another court in this District found when faced with a related argument in *Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 100 F. Supp. 3d 1099, 1104 (D. Colo. 2015), "legal determinations, including regarding coverage, are clearly outside the scope of the appraisal process." The appraisal will only yield factual determinations related to the amount of loss associated with a given event—in this case, hail damage.

Finally, while of course Plaintiff is correct that denial of a stay will deprive Plaintiff of the potential benefit of the two pending Tenth Circuit decisions, there is no guarantee that those decisions will benefit Plaintiff. (*See* ECF No. 71 at 9–10.)

Because the Court has found that Plaintiff has failed to satisfy the first two, most "critical" factors of the analytical framework for a motion to stay pending appeal, the Court need not address the remaining factors.[2]

For the reasons set forth above, Plaintiff and Counterclaim Defendant Church Mutual Insurance Company's Motion to Stay March 19, 2021 Order Pending Appeal (ECF No. 66) is DENIED.

---

[2] Nonetheless, the Court has considered the parties' arguments regarding those remaining factors and finds they do not weigh in favor of a stay.

Dated this 13th day of May, 2021.

BY THE COURT:

William J. Martinez
United States District Judge